**METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent,**

v.

**Norman G. HAM; Serene Ham; and Donald Stockman, David K. Brisendine and Bob Gratz, County Commissioners for Cole County, Appellants.**

**No. WD 52180.**

Missouri Court of Appeals, Western District.

June 25, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 1996.

Application to Transfer Denied Oct. 22, 1996.

**6**

Ronald R. McMillin, Jefferson City, for Appellants.

Michael Berry, Jefferson City, for Respondent.

SPINDEN, Judge.

On May 11, 1992, 14–year–old Serene Ham helped set a fire which destroyed the Cole County Juvenile Center in Jefferson City. Cole County's commissioners, Donald Stockman, David K. Brisendine and Bob Gratz, made a claim for damages against Ham and her father, Norman G. Ham. The Hams notified their insurer, Metropolitan Property and Casualty, of the commissioners' claim.

Metropolitan denied coverage and filed this declaratory judgment action in circuit court. The Hams and three county commis-sioners filed a counterclaim. All parties filed motions for summary judgment. The circuit court declared that Metropolitan was not liable for coverage in light of this court's holding in *Easley v. American Family Mutual Insurance Company*, 847 S.W.2d 811 (Mo. App.1992)(en banc), and entered judgment for Metropolitan. We affirm.

The appellants [1] contend that the circuit court erroneously declared the law in ruling that the intentional and criminal act exclusions in Metropolitan's policy negated coverage. They claim coverage should not be denied because Serene Ham did not intend to destroy the building; she intended only to set a small fire to assist her escape from the detention center. The circuit court based its decision on the "intentional acts" and "criminal acts" exclusions in Metropolitan's policy. Those provisions excluded coverage for "**bodily injury or property damage** which is reasonably expected or intended by **you** or which is the result of **your** intentional and criminal acts." [2] The policy also stated that the "exclusion is applicable even if **you** lack the mental capacity, for whatever reason, to govern **your** conduct."

We agree with the circuit court's concluding that *Easley* controls with respect to the "intentional acts" exclusion. In *Easley*, this court considered exclusionary language nearly identical to that contained in the policy in this case. The policy in *Easley* excluded coverage for "bodily injury or property damage ... which is expected or intended by any insured." The insured in *Easley* claimed that he was entitled to coverage under his mother's homeowner's policy for injuries he inflicted in hitting another boy during a fight. The insured claimed that he had intended only to blacken the other boy's eye or bloody his nose—that he had not intended the more severe injuries that resulted. *Id.* at 811–12. He contended that the insurer was required to establish that the insured intended the precise results which occurred. *Id.* at 813. In rejecting that contention, this court held that the insurer was not liable for the in-

---

1. For the reader's ease, we refer collectively to the Hams and the commissioners as the appellants.

2. Bolded words in quotations of the policy appeared that way in the original.

sured's conduct because the insured acted volitionally and with an intent to injure notwithstanding the insured's claim that he intended a less serious injury. *Id.* at 814. This court found that the willful and deliberate conduct of the insured was not covered because of the policy's exclusionary clause and because public policy "prohibits an insured from insuring against the consequence of his intentional acts." *Id.*

In this case, Serene Ham admitted that she intentionally participated in setting the fire and knew that her actions would damage detention center property. The appellants claim, nevertheless, that coverage should not be denied because she meant only to create a diversionary fire and did not intend to destroy the entire building. Her motivation for starting the fire is inconsequential. "When an intentional act results in injuries which are the natural and probable consequence of the act, the injuries as well as the act are intentional." *Truck Insurance Exchange v. Pickering,* 642 S.W.2d 113, 116 (Mo.App. 1982). Serene Ham acted intentionally. That the damage was more extensive than she had anticipated does not render the exclusion inapplicable. *See Easley,* 847 S.W.2d at 814.

■ The appellants claim that Metropolitan should not be permitted to deny coverage to Norman Ham even if his daughter's conduct falls within the exclusions of the policy. We disagree.

The policy specifically excluded coverage for any liability that one insured may incur as a result of another insured's acts or omissions by imposing a joint obligation on all insureds. The policy included a provision which said, "The terms of this policy impose joint obligations on all persons defined as 'you.' This means that the responsibilities, acts and failures to act of a person defined as 'you' will be binding upon another person defined as 'you.'" The policy defined "you" as:

> The person or persons named in the Declarations and if a resident of the same household:
>
> A. the spouse of such person or persons;

> B. the relatives of either;
>
> C. any other person under the age of twenty-one in the care of any of the above[.]

The trial court correctly held that liability coverage was not available for any insureds under the policy.

Because we reach these conclusions, we need not address the other issues raised by the appellants. We affirm the circuit court's judgment.

LOWENSTEIN, P.J., and HANNA, J., concur.